CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 1 5 2004

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROANOKE CEMENT COMPANY,            )
                                   )   Civil Action No. 7:03-CV-0753
        Plaintiff,                 )
                                   )
v.                                 )   **FINDINGS OF FACT AND**
                                   )   **CONCLUSIONS OF LAW**
THE FALK CORPORATION, et al.,      )
                                   )   By: Hon. Glen E. Conrad
        Defendants.                )   United States District Judge


This case was tried to the court without a jury on July 14, 2004. Having considered the testimony of witnesses presented during the trial, and the testimony of other witnesses presented by deposition, as well as all the exhibits, the court makes the following Findings of Fact and Conclusions of Law.

FINDINGS OF FACT

1.      Plaintiff Roanoke Cement Company L.L.C. ("Roanoke Cement") is a Virginia corporation engaged in the manufacture of masonry cement products.

2.      Defendant Falk Corporation ("Falk") is a Delaware corporation doing business in Virginia. Falk manufactures and sells industrial gears and pinions.[1]

3.      In May 1999, Roanoke Cement contracted with Fuller Company ("Fuller") to design, manufacture, and install a ball mill for its manufacturing facility.

4.      Fuller sent Falk a Purchase Order dated June 8, 1999 for Falk to manufacture the main pinion shaft ("pinion") for the ball mill to be manufactured by Fuller for Roanoke Cement. The Purchase Order included a statement that acceptance of the order, including all terms and

---

[1] Plaintiff also named Hamilton Sundstrand Corporation as a defendant in this case. Hamilton Sundstrand Corporation is Falk's parent company and Falk is the only proper defendant.

conditions, would be deemed given upon "commencement of work." On the back of the Purchase Order were certain "Terms and Conditions" including warranty and indemnification provisions. The Purchase Order provided that it is governed by Pennsylvania law.

5. Falk began its standard review process to determine whether it could manufacture a pinion in accordance with the Fuller specifications set forth in the Purchase Order and whether it could, therefore, issue an acknowledgment of the Fuller Purchase Order. Falk also sent a Purchase Order to Ellwood City Forge Company for "pinion forging."

6. On July 8, 1999, Fuller sent Falk a supplement to the Purchase Order that included the same "commencement of work" language and the same terms and conditions as found on the back of the Purchase Order.

7. On July 30, 1999, Falk sent an "Acknowledgment" to Fuller for the pinion covered by the Purchase Order dated June 8, 1999. On the back of the Acknowledgment are the "Conditions of Sale" providing that the terms and conditions on the Acknowledgment are the only terms applicable to the contract between Falk and, in this case, Fuller. The Conditions of Sale language also provides that the terms and conditions on the Acknowledgment apply "regardless of anything which may appear on [Fuller's] purchase order." Moreover, the Acknowledgment provides that it constitutes the entire agreement between Falk and Fuller and that any agreements entered into prior to the Acknowledgment "are excluded." Fuller did not object to the terms of the Acknowledgment, which became the contract between the parties excluding inconsistent terms of any agreement which may have been made or deemed made prior to the Acknowledgment. As a result, the warranty, indemnification, and choice of law provisions of the Purchase Order did not become part of the contract between Fuller and Falk.

2

8.      Falk manufactured the pinion for Fuller, and Fuller incorporated the pinion into the ball mill it manufactured for Roanoke Cement.  The ball mill was installed in the Roanoke Cement facility in May 2000.  Roanoke Cement caused the ball mill to be tested, including magnetic particle testing, and subsequently accepted the ball mill.

9.      In July 2001, the gear and pinion failed.  Plaintiff has not established by a preponderance of the evidence that the failure was caused by a defect in the pinion manufactured by defendant.  Specifically, plaintiff has not shown by a preponderance of the evidence that the pinion was in any way defective when it left defendant's control in late 1999.

10.     Plaintiff has failed to prove by a preponderance of the evidence that it is entitled to indemnity under the contract between Falk and Fuller.

## CONCLUSIONS OF LAW

1.      The court has subject matter jurisdiction on the basis of complete diversity of citizenship between the parties.  28 U.S.C. § 1332(a)(1).

2.      The court has personal jurisdiction over Falk and venue is proper in the Western District of Virginia, Roanoke Division.  28 U.S.C. § 1391(a).

3.      Plaintiff has not established that the pinion manufactured by defendant was defective when it left defendant's control and, therefore, cannot recover on its breach of contract and warranty claims.

4.      Plaintiff has not established that it is entitled to indemnification under the contract between Falk and Fuller and, therefore, cannot recover on its indemnity claim.

5.      Defendant is entitled to judgment in its favor on all claims asserted by plaintiff in its complaint.

6.     Any finding of fact more properly considered a conclusion of law and any conclusion of law more properly considered a finding of fact shall be so deemed.

## CONCLUSION

As noted in the court's findings of fact and conclusions of law, plaintiff failed to satisfy its burden to show that the pinion manufactured by defendant was defective in any way when it left defendant's control.  Plaintiff also failed to prove that the contract between defendant and Fuller included indemnification of plaintiff for the damages claimed by plaintiff in this lawsuit. Accordingly, defendant is entitled to judgment on each of plaintiff's claims.  A separate final judgment consistent with this decision will be entered this day.

The Clerk of Court is directed to send a copy of these Findings of Fact and Conclusions of Law to all counsel of record.

ENTER: This _15th_ day of July, 2004.

_____
United States District Judge